S99Y0031, S98Y1932. IN THE MATTER OF JOHN L. CRESON (two cases).

(516 SE2d 79)

PER CURIAM.

In disciplinary action S99Y0031, Respondent John L. Creson was properly served with the State Bar's Formal complaint charging him with violating Standards 44 (wilfully abandoning or disregarding a legal matter entrusted to a lawyer); 22 (b) (withdrawal from employment without taking reasonable steps to avoid foreseeable damage to the client); 23 (upon withdrawal, failure to promptly refund any unearned fee paid in advance); and, 68 (failure to respond to disciplinary authorities during the investigation of a grievance) of Bar Rule 4-102 (d), but failed to file a timely answer. Accordingly, the special master granted the State Bar's Motion for Default and the facts and violations set forth in the Formal Complaint were deemed admitted. The special master's report found that Creson was hired in March 1996, to represent a client in a divorce action and was paid $750 as a retainer. Creson, however, never drafted a petition for divorce as requested. Further, although his client and representatives of his client tried to contact him numerous times to discuss the status of the case, Creson did not return any of the client's telephone calls or letters. On or about November 7, 1996, the client sent Creson a letter terminating his employment. Following his termination, Creson failed to return any of the unearned retainer to the

---

client despite a demand that it be refunded. We have reviewed the record and agree with the special master that Creson's conduct violated Standards 44, 22 (b), 23 and 68 of Bar Rule 4-102 (d).

A related disciplinary matter, filed in this Court as S98Y1932, arose when Creson failed to respond after being properly served with a Notice of Investigation in S99Y0031. Accordingly, this Court imposed an interim suspension on him on January 2, 1998. Creson was served by the Clerk of this Court with the interim suspension order in the regular course of business by regular U. S. mail. Subsequently, Creson appeared for a pre-trial conference before a Richmond County Superior Court Judge in a case in which Creson was sole counsel for the plaintiff. At that time Creson was advised by the judge that he was subject to this Court's Order of Interim Suspension and was informed that he would not be allowed to participate in the case and would need to associate qualified counsel to represent his client. Despite these warnings and prior to the entry of this Court's order lifting the interim suspension of Creson's license to practice law on May 21, 1998, Creson continued to practice law and took the deposition of the defendant in the Richmond County case. Such action constituted a violation of Standard 25 (lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction) of State Bar Rule 4-102 (d).

In considering the proper discipline to impose in the above matters, we note that Creson has substantial experience in the practice of law and has failed to respond to or participate in the State Bar disciplinary proceedings. Although the special master and the State Bar agree that a public reprimand is the appropriate sanction, we decline to accept this recommendation as too lenient under the circumstances. We are especially concerned with the flagrant manner in which Creson ignored a direct order of this Court of which he was unquestionably aware. For this reason we believe a six-month suspension will more effectively convey the seriousness with which we consider disciplinary matters before us.

Accordingly, Creson is hereby suspended from the practice of law in this state for six months. He is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Six-month suspension. All the Justices concur.*

DECIDED MAY 17, 1999.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.